IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

REAVES LAW FIRM, PLLC,

    Plaintiff,

v.                                                                                       No.: 2:19-cv-2495

TIGER SPORTS PROPERTIES, LLC,                            JURY DEMANDED

    Defendant.
_____

## COMPLAINT FOR DAMAGES
_____

**COMES NOW** the Plaintiff, Reaves Law Firm, PLLC, by and through undersigned counsel, and hereby files its Complaint against the Defendant, Tiger Sports Properties, LLC. For its causes of action, Plaintiff, Reaves Law Firm, PLLC, states as follows:

### I.    PARTIES

1. Plaintiff Reaves Law Firm, PLLC (hereinafter referred to as "Plaintiff") is a for-profit corporation incorporated in the State of Tennessee. Plaintiff's principal office is located at 4466 Elvis Presley Boulevard, Suite 310, Memphis, Tennessee 38116.

2. Defendant Tiger Sports Properties, LLC (hereinafter referred to as "Defendant") is a for-profit limited liability company incorporated in the State of Missouri. Defendant's principal office is located at 505 Hobbs Road, Jefferson City, Missouri 65109-5788. Defendant, Tiger Sports Properties, LLC, may be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road; Knoxville, Tennessee 37919-5546.

## II.     JURISDICTION & VENUE

3. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332 as complete diversity exists as to all named parties to this action, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5. This case has been timely filed within the applicable statutory limitations period governing Plaintiff's cause of action.

## III.     ALLEGATIONS

6. Plaintiff incorporates all foregoing paragraphs herein as if restated again in full.

7. At least since February 22, 2019 and on numerous occasions prior to March 6, 2019, Greg Gaston, Defendant's Senior Manager – Business Development, represented to Plaintiff that Defendant had the right to grant to Plaintiff contractual rights to use the name, image, and likeness of Anfernee "Penny" Hardaway ("Coach Hardaway" or "Penny").

8. At least since February 22, 2019 and on numerous occasions prior to March 6, 2019, Greg Gaston, Defendant's Senior Manager – Business Development, represented to Plaintiff that Defendant held the exclusive marketing and sponsorship rights for University of Memphis including access to Coach Hardaway as the head coach for the University of Memphis basketball program.

9. On or about March 6, 2019, Plaintiff and Defendant entered into a Marketing & Sponsorship Agreement ("Agreement").

10. A true and copy of the Agreement is attached hereto as Exhibit A.

11. Pursuant to the Agreement, Defendant granted Plaintiff certain rights set forth therein to use the name, image, and likeness of Coach Hardaway for advertising and marketing Plaintiff's business.

12. Under the Agreement, Plaintiff agreed to make payments to Defendant in accordance with the schedule set forth in paragraph 6 of the Agreement.

13. Pursuant to the terms of the Agreement, Defendant agreed to provide Plaintiff with opportunities "to further its exposure of its products and/or services through its association with University [of Memphis] and by sponsoring University athletics."

14. Paragraph 4 of the Agreement provides that "The Reaves Law Firm will be the only personal injury law firm advertised or associated with Penny during the term of the agreement. Penny will not advertise or solicit for any personal injury law firms other than the Reaves Law Firm."

15. Paragraph 5 of the Agreement expressly provides that "Plaintiff will be entitled access to Penny for filing an organic messaging campaign to be used in all media mediums."

16. Exhibit A to the Agreement, titled "Benefits," provides that Defendant will grant Plaintiff "[r]ights to film an organic messaging campaign (social media, tv, billboards, etc.) with Head Men's Basketball Coach."

17. Prior to March 6, 2019, Defendant did not have the right to grant Plaintiff contractual rights to use the name, image, and likeness of Coach Hardaway.

18. On March 6, 2019, Defendant did not have the right to grant Plaintiff contractual rights to use the name, image, and likeness of Coach Hardaway.

19. The duration of the Agreement is for a period of five (5) years, beginning on July 1, 2019 and ending on June 30, 2024.

20. Based upon Defendant's representations set forth herein and/or the execution of the Agreement, Plaintiff made payments to Defendant in compliance with the Agreement.

21. Based upon Defendant's representations set forth herein and/or the execution of the Agreement, Plaintiff made significant investments for the growth of its legal practice.

22. Based upon Defendant's representations set forth herein and/or the execution of the Agreement, Plaintiff paid for numerous advertisements and commercial media presentations based on its anticipated access to Coach Hardaway.

23. Based upon Defendant's representations set forth herein and/or the execution of the Agreement, Plaintiff sustained loss profits.

24. On or about June 26, 2019, Plaintiff received correspondence from The Sacks Group, PLLC (hereinafter referred to as "Sacks Group").

25. A true and correct copy of the June 26, 2019 correspondence from the Sacks Group is attached hereto as Exhibit B.

26. In its June 26, 2019 correspondence, the Sacks Group advised Plaintiff (1) that it represented Coach Hardaway, (2) that Defendant is not authorized to grant any rights of access to Coach Hardaway, and (3) that Coach Hardaway did not authorize Plaintiff any use of publicity of his likeness.

27. On and after July 1, 2019, Defendant did not have the right to provide Plaintiff with the benefits set forth in Exhibit A to the Agreement.

28. On and after July 1, 2019, Defendant failed to provide Plaintiff with the benefits set forth in Exhibit A to the Agreement.

29. As a result of Defendant's contractual breaches and negligent and/or intentional misrepresentations, Plaintiff sustained substantial economic losses set forth herein in excess of $75,000.00.

### IV.    CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

30. Plaintiff incorporates all foregoing paragraphs herein as if restated again in full.

31. Prior to June 26, 2019, Plaintiff fully performed all of its obligations to Defendant pursuant to the Agreement.

32. Pursuant to the Agreement, Defendant was contractually obligated to provide Plaintiff with the benefits set forth in Exhibit A to the Agreement, including but not limited to, the right to use the name, image, and likeness of Coach Hardaway.

33. Defendant materially breached the Agreement by failing to provide Plaintiff with the benefits set forth in Exhibit A to the Agreement including, but not limited to, the right to use the name, image, and likeness of Coach Hardaway.

34. Plaintiff suffered the monetary damages set forth herein as a result of Defendant's breach of the Agreement.

## COUNT II: NEGLIGENT MISREPRESENTATION

35. Plaintiff incorporates all foregoing paragraphs herein as if restated again in full.

36. At all times relevant hereto, Defendant failed to exercise reasonable care in representing to Plaintiff that it had the right to grant Plaintiff contractual rights to use the name, image, and likeness of Coach Hardaway.

37. At all times relevant hereto, Plaintiff justifiably relied upon Defendant's representations set forth herein.

38. Plaintiff would not have tendered payment to Defendant under the Agreement but for Defendant's representation that it had the right to grant Plaintiff contractual rights to use the name, image, and likeness of Coach Hardaway and the benefits set forth in Exhibit A to the Agreement.

39. Plaintiff would not have made significant investments and plans for the growth of its legal practice but for Defendant's representation that it had the right to grant Plaintiff contractual rights to use the name, image, and likeness of Coach Hardaway and the benefits set forth in Exhibit A to the Agreement.

40. Plaintiff would not have paid for numerous advertisements and commercial media presentations based on its anticipated access to Coach Hardaway but for Defendant's representation that it had the right to grant Plaintiff contractual rights to use the name, image, and likeness of Coach Hardaway and the benefits set forth in Exhibit A to the Agreement.

41. Plaintiff suffered the monetary damages set forth herein as a result of Defendant's negligent misrepresentations.

## COUNT III: INTENTIONAL MISREPRESENTATION

42. Plaintiff incorporates all foregoing paragraphs herein as if restated again in full.

43. As set forth herein, Defendant represented to Plaintiff that it had the right to provide Plaintiff with contractual rights to use the name, image, and likeness of Coach Hardaway.

44. As set forth herein, Defendant represented to Plaintiff that Defendant held the exclusive marketing and sponsorship rights for University of Memphis, including access to Coach Hardaway as the head coach for the University of Memphis basketball program.

45. When Defendant made the representations set forth herein, it knew that the representations were false or made the representations recklessly, without any knowledge of their truth, and as positive assertions.

46. Defendant made the representations set forth herein with the intent that they would be relied upon by Plaintiff.

47. Plaintiff acted in reliance on Defendant's representations as set forth herein.

48. Plaintiff suffered the monetary damages set forth herein as a result of Defendant's intentional misrepresentations.

## COUNT IV: COMPENSATORY DAMAGES

49. Plaintiff incorporates all foregoing paragraphs herein as if restated again in full.

50. As a result of Defendant's contractual breaches and/or misrepresentations set forth herein, Plaintiff sustained monetary damages by tendering significant payment to Defendant under the Agreement.

51. As a result of Defendant's contractual breaches and/or misrepresentations set forth herein, Plaintiff sustained monetary damages by paying for numerous advertisements and commercial media presentations based on its anticipated right to use the name, image, and likeness of Coach Hardaway.

52. As a result of Defendant's contractual breaches and/or misrepresentations, Plaintiff suffered monetary damages by paying to expand its legal practice based upon the reasonably anticipated growth which would result from Plaintiff's right to use the name, image, and likeness of Coach Hardaway for advertising and marketing.

53. As a result of Defendant's contractual breaches and/or misrepresentations set forth herein, Plaintiff sustained lost profits.

## COUNT V: PUNITIVE DAMAGES

54. Plaintiff incorporates all foregoing paragraphs herein as if restated again in full.

55. Defendant's actions set forth herein were intentional, fraudulent, willful, wanton and/or reckless and warrant an award of punitive damages.

56. Defendant's actions set forth herein were committed by Greg Gaston who was employed in a management capacity and was acting within the scope of his employment.

## V. <u>AD DAMNUM</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays:

A. That this Complaint be served upon the Defendant and that the Defendant be required to file an Answer within thirty (30) days of the date of service;

B. That Plaintiff be awarded judgment against the Defendant in compensatory damages for the monetary losses complained of herein, in an amount to be determined at trial, but in no event less than seventy-five thousand dollars ($75,000.00);

C. That Plaintiff be awarded punitive damages against the Defendant;

D. That a jury be empaneled to hear this cause;

E. That Plaintiff be awarded pre-judgment and post-judgment interest on all such amounts; and

F. All other general and specific legal and equitable relief to which Plaintiff is entitled in the premises.

Respectfully submitted,

THE SPENCE LAW FIRM

By: /s/ Robert L. J. Spence Jr.
Robert L. J. Spence, Jr. (BPR #12256)
Bryan M. Meredith (BPR #26876)
Andrew M. Horvath (BPR #33862)
80 Monroe Ave., Garden Suite One
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spence-lawfirm.com
bmeredith@spence-lawfirm.com
ahorvath@spence-lawfirm.com

*Attorneys for the Plaintiff*